UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JP MORGAN CHASE BANK, N.A.,

                Plaintiff,

v.

GEORGE YUEN and ESTATE OF ROBERT von TOBIEN,

                Defendants.

11CV9192 (NRB) (MHD)

**REPORT OF RULE 26(f) MEETING AND PROPOSED DISCOVERY PLAN**

Pursuant to F.R.C.P. 26(f)(3), plaintiff, JP Morgan Chase Bank, N.A. ("Plaintiff" or "JPMC") and defendants, George Yuen ("Yuen") and Estate of Robert von Tobien ("Estate") (Plaintiff, Yuen, and Tobien, are referred to collectively as "The Parties") hereby submit the following joint discovery plan.

As an initial matter, JPMC wished to bring to the Court's attention that it commenced this action in its capacity as a disinterested stakeholder of the funds at issue in this litigation. As such, JPMC will prior to the commencement of discovery seek to obtain from the Court an Order discharging it from further participation in this action as party plaintiff and from liability to any other party in connection with the subject funds. JPMC represents that it will comply with reasonable non-party discovery demands made by either of the party defendants in accordance with the proposed discovery schedule set forth below.

Yuen and the Estate reserve the right to oppose JPMC's motion.

**(A) 26(a) Disclosures:**

The Parties agree that they will serve the required disclosures pursuant to F.R.C.P. 26(a) on or before March 28, 2012.

1

**(B) The Subjects on Which Discovery May be Needed:**

The parties agree that discovery will be needed regarding:

1. The beneficiary designation form(s) submitted to JPMC regarding the funds at issue in this dispute.

2. JPMC's record keeping practices and procedures with regard to beneficiary designation forms.

3. JPMC's practices and procedures with regards to determining who is a beneficiary with regard to the funds at issue in this dispute.

4. JPMC's actions taken with respect to determining who is the beneficiary of the funds at issue in this dispute.

5. Robert von Tobien's choice of beneficiary for the DIBA and the S&P 500 Index Account.

6. Yuen's actions that the Estate alleges may have disqualified himself as a beneficiary of the deceased (e.g., severance of joint tenancy with survivorship).

The Parties state that the items set forth above to not constitute an admission by any Party that the discovery sought is relevant to this dispute, rather, that the items set forth above represent The Parties discussions in preparation for this submission. Each Party reserves the right to object to the items set forth above pursuant to the Federal Rules of Civil Procedure and applicable caselaw. In addition, The Parties agree that the items set forth above are not exhaustive, and reserve the right to seek discovery of additional items/materials.

**(C) Issues Regarding Electronically Stored Information:**

The parties agree that CD or DVD production of discovery is acceptable. The parties do not anticipate any issues regarding electronically stored information.

**(D) Issues Regarding Privilege:**

The Parties do not anticipate any issues regarding privilege at this time.

**(E) Changes to Limitations on Discovery as set Forth in the Federal Rules of Civil Procedure:**

The Parties do not anticipate any changes to the limitations on discovery as set forth in the Federal Rules of Civil Procedure.

**(F) Discovery Schedule:**

The Parties agree to following discovery schedule, subject to the Court's approval:

March 28, 2012 – Deadline for The Parties to serve initial disclosures pursuant to F.R.C.P. 26(a).

April 20, 2012 – Deadline for The Parties to serve their interrogatories and document demands.

May 18, 2012 – Deadline for The Parties to provide responses to interrogatories and document demands.

July 31, 2012 – Deadline for the completion of depositions.

August 31, 2012 – Deadline for the close of fact discovery.

The parties respectfully request a conference with the Court shortly before the completion of fact discovery to discuss: (a) whether expert discovery will be required and, if so, the scheduling thereof; (b) a schedule for dispositive motions, if any; and (c) the possibility of settlement of this matter.

3

Dated: New York, New York
       March 12, 2012

| | |
|---|---|
| COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.<br>Attorneys for Defendant George Yuen | SATTERLEE STEPHENS BURKE & BURKE, LLP<br>Attorneys for Plaintiff JPMorgan Chase Bank, N.A. |
| By: /s/<br>Jed M. Weiss<br>900 Third Avenue, 16th Floor<br>New York, New York 10022<br>(212) 752-8000 | By: /s/<br>Alun W. Griffiths<br>230 Park Avenue<br>New York, New York 10169<br>(212) 818-9200 |

WORMSER, KIELY, GALEF & JACOBS, LLP
Attorneys for Defendant Estate of Robert Von Tobien

By:  /s/
     John T. Morin
     825 Third Avenue
     New York, New York 10022
     (212) 687-4900

So Ordered: _/s/ Naomi Reice Buchwald_
            Hon. Naomi Reice Buchwald U.S.D.J.
            3/15/12

4